(C. D. 432)

WINSOR & NEWTON, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 3, 1941)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of this suit appears to have been returned by the appraiser as "color cards," and was assessed for duty by the collector at the rate of 35 per centum ad valorem under paragraph 1413 of the Tariff Act of 1930 as manufactures of paper not specially provided for. It is claimed to be dutiable under paragraph 1410 of said act either at 15 per centum ad valorem as printed matter of bona fide foreign authorship, or at 25 per centum under the same paragraph as charts, or at 5 cents per pound and 20 per centum ad valorem under paragraph 1405 of said act.

At the commencement of the trial it was agreed between counsel that the official sample of the merchandise, which was marked in evidence as plaintiff's exhibit 1, was to be taken as representative of the merchandise in issue described on the invoice as charts No. 19.

No proof of commercial designation of the term "chart" was introduced or attempted by either side. The common meaning of the term therefore will of course prevail. As to such common meaning we quote from some of the lexicographical authorities as follows:

From Webster's New International Dictionary:

Chart, n. (3) A sheet of paper, pasteboard, or the like, on which information is given in tabular form; as, a historical chart.

From Standard Dictionary of the English Language, vol. 1, page 321:

Chart, 2. A sheet showing facts graphically or in tabular form; as, a genealogical or a statistical chart.

The official sample of the imported merchandise (exhibit 1) we think might properly be called a color chart. It consists of a sheet of heavy paper folded in half, on which there is mounted a series of colored strips or pieces of paper illustrative of water colors produced by Winsor & Newton Ltd., of London, England. Below each of these strips of colored paper are found the name of the color it represents, the series to which it belongs, and certain key letters which denote whether the colors are permanent, durable, moderately durable, or fugitive. On the front page there is a statement that the colors are "A selection taken from the complete list and classified according to permanence."

In our opinion the imported merchandise comes squarely within the foregoing definitions of the word "chart," as sheets of paper on which information or facts are shown in tabular or statistical form. However, the meaning of the word "chart" has already been passed upon in *Sheldon & Co.* v. *United States*, 4 Ct. Cust. Appls. 42, T. D. 33265. In that case the merchandise consisted of articles of paper lithographically printed, which exhibited in a pictorial manner the outline, form, and mechanical features of either a locomotive or an automobile. The various parts were accurately shown by superimposed paper flaps, arranged in proper order, and which were hinged so that they could be turned back to show the interior mechanism of the machine or engine. Upon each main sheet and the various superimposed flaps the different parts of the mechanism shown were numbered, which numbers corresponded to like numbers on an accompanying key sheet, upon which, opposite said numbers, were given the appropriate names of the parts so numbered. The court, after reviewing the various pertinent decisions affecting the question, came to the conclusion that the meaning of the word "chart" had been broadened since the first use of the term in tariff legislation, and that the term "chart" in paragraph 416 of the act of 1909 was employed in its accepted broader meaning, which resulted in holding said merchandise properly dutiable thereunder as charts. Note also Abstract 39301.

On authority of the cases cited, *supra*, we sustain the protest as to the merchandise described on the invoice as "Charts No. 19," and hold the same dutiable at 25 per centum ad valorem under paragraph 1410 of said act of 1930 as charts. The protest is however overruled as to all other merchandise and on all other grounds. Judgment will be rendered accordingly.